**L. Gregory YOPP, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2001–SC–0979–KB.

Supreme Court of Kentucky.

Jan. 17, 2002.

## ORDER

Movant, L. Gregory Yopp, of Louisville, Kentucky, was admitted to the practice of law in Kentucky on October 15, 1980. He was suspended for thirty days on August 23, 2001. Prior to expiration of that suspension, the KBA filed the instant charges. These charges arise from Movant's representation of J.T. Carroll and are as follows:

**COUNT I:** J.T. Carroll hired Movant in December, 1999 to file suit to collect a debt. Mr. Carroll paid Movant $63.00 as a filing fee, expecting Movant to file suit against the debtor. Movant failed to file suit and failed to return most of Mr. Carroll's telephone calls.

Near the end of 2000, Movant indicated to Mr. Carroll that he had filed suit, when, in fact, he had not. He did not contact Mr. Carroll again, nor did he return the $63.00 filing fee.

The Inquiry Commission charges that Movant violated SCR 3.130–1.3 by failing to diligently proceed with Mr. Carroll's debt collection case.

**COUNT II:** Based upon the above described account of Movant's conduct, the Inquiry Commission charges that Movant also violated SCR 3.130–1.4(a) by failing to adequately communicate with his client, J.T. Carroll.

**COUNT III:** Based upon the same conduct, the Inquiry Commission charges that Movant violated SCR 3.130–1.16(d) by failing to return or failing to timely return Mr. Carroll's unused filing fee.

**COUNT IV:** Based upon the same conduct, the Inquiry Commission charges that Movant violated SCR 3.130–8.3(c) by falsely stating to Mr. Carroll that he had filed suit on his behalf.

In response to these charges, Mr. Yopp seeks to terminate these proceedings by moving for an order of suspension from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days, effective September 23, 2001, consecutive to the expiration of the 30–day suspension provided for in his earlier disciplinary proceeding, 2001–SC–0428.

Movant asserts that the charges against him presently, and those resulting in his August suspension arise from the same circumstances, namely that he was engaged in a partnership, aside from his law practice, which was involved in a bankruptcy proceeding and subsequent litigation, all of which caused him to neglect his practice.

Movant takes issue only with Count IV, stating that he did not tell Mr. Carroll that he had filed suit on his behalf. He indicates that he has been forthcoming in relation to all other charges, but contests Count IV and moves that the charge be dismissed. Mr. Yopp has refunded the $63.00 filing fee to Mr. Carroll.

In response to Mr. Yopp's motion, the KBA indicates that it has no objection to his motion and requests that it be granted.

There being no objection to the motion, it is hereby ordered as follows:

1) That Movant is hereby suspended from the practice of law for a period of thirty (30) days, said suspension to run consecutively to the suspension previously imposed.

2) That costs in the amount of $24.17 are assessed against Movant and are pay-

able within 30 days and for which execution may issue.

All concur.

ENTERED: January 17, 2002.

/s/ Joseph E. Lambert
CHIEF JUSTICE